IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02057-MSK-MEH

DEANNA DOUGHERTY,

        Plaintiff,

v.

TYLER TECHNOLOGIES, INC.

        Defendant.

---

**ORDER OF REFERENCE TO MAGISTRATE JUDGE
AND
LETTER TO COUNSEL**

---

This matter comes before the Court, *sua sponte*.

**IT IS ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and FED. R. CIV. P. 72(a) and (b), this matter is referred to United States Magistrate Judge Michael E. Hegarty to conduct proceedings in this action as follows:

- (X)    Convene a scheduling conference under FED. R. CIV. P. 16(b); enter a Scheduling Order meeting the requirements of D.C.COLO.LCivR 16.2; and hear and determine any motions seeking amendment or modification of the Scheduling Order.

- (X)    Convene such settlement conferences as may facilitate resolution of this case.

- (X)    Hear and determine motions relating to discovery.

- (X)    Hear and determine such other non-dispositive motions as may be specifically referred.

- (X)    Conduct hearings, including evidentiary hearings, and submit proposed findings

of fact and recommendations for rulings on specifically referred dispositive motions.

**IT IS FURTHER ORDERED that parties and counsel shall be familiar and comply with Judge Krieger's requirements found at** www.cod.uscourts.gov **Counsel should also be familiar with the contents of the attached letter**.

DATED this 25th day of September, 2009.

BY THE COURT:

*/s/ Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge



**THE HONORABLE MARCIA S. KRIEGER**
United States District Court
District of Colorado
1929 Stout Street
Denver, Colorado 80294-3589
303-335-2289
krieger_chambers@cod.uscourts.gov

Dear Counsel:

Welcome to the United States District Court for the District of Colorado. I look forward to working with you to achieve a "just, speedy and inexpensive determination" (Fed.R.Civ.P. 1) in this action.

I agree with Judge Patrick Higginbotham of the 5th Circuit Court of Appeals who observed that, in litigation, the lawyers and the judge act as the three legs of a stool, each being essential to the process but playing a distinct and separate role. Inherent in this observation is the fundamental fact that we, lawyers and judges, are the judicial process. The confidence your clients and the public have in the judicial process will be determined by what we do in this case.

I know that judges and courts have differing practices, customs and expectations. I hope that the following information will provide you with insight into my practices and expectations, and will make you comfortable and better able to represent your client. My practice standards, sample forms and weekly calendar can be found on the Court's website at www.cod.uscourts.gov   In addition, you can obtain FAQ information, Federal Faculty Evidentiary Cheat Sheets and courtroom technology training from my Courtroom Deputy Patricia Glover (303.335.2185). Information about CM/ECF can be obtained from the ECF Help Desk (303.335.2050) and from the Court's website.

I take the admonition of Fed.R.Civ.P. 1 very seriously - for justice delayed, or too expensive to afford, is justice denied. This admonition is my focus in the 200 plus civil cases pending before me. Each is entitled to its fair share of judicial resources and to a fair and prompt determination.

I will determine all motions as expeditiously as possible, considering the exigencies of your case and those of all other cases, civil and criminal. Except as necessary for the progress of a particular case, motions that conform to the format in the practice standards are determined in the order they are received. Motions that do not conform are determined after conforming motions. Motions to extend deadlines or continue will not be granted absent good cause in light of the course

of the case.

You can expect that hearings will begin promptly, move quickly and will advance the case. Unless I advise you otherwise, you can expect that I will be familiar with and will have considered all of the pertinent pleadings that have been filed up to **48 hours** prior to the hearing and that I will be prepared to apply the legal standard set by binding precedent. Because you file motions and briefs that set out your position prior to the hearing and I have reviewed them, the purposes of a hearing are limited to: 1) presentation of evidence, addressing areas where I have questions; 2) presentation of supplemental arguments (those that don't repeat written arguments); and 3) issuance of an oral ruling, or setting of further deadlines or hearings.

The Federal Rules of Evidence apply in evidentiary hearings. There is no need to bring copies of reported decisions to court. If you refer to an opinion not previously cited, and I need to review the entirety of the opinion, I will either take the matter under advisement or take a brief recess to consider it. Most motions are disposed of with oral orders that are reflected in the minutes that are docketed. Except in unusual circumstances, no written orders will follow the hearing. You may order a transcript of the proceeding if you like.

I expect you to be prepared for every hearing. This means that: 1) you are familiar with all applicable rules, my practice standards and orders with regard to the matter; 2) you are generally familiar with all pleadings that have been filed in the case to date, and are particularly familiar with all pleadings that have been filed with regard to the issue to be heard; 3) you know the applicable legal standard (elements of proof, standard and burden of proof, procedural requirements and evidentiary rules) on all claims and defenses asserted in the Complaint(s) and Answer(s), as well as the applicable legal standards for the issue to be heard; and 4) you have conferred with opposing counsel *after briefing of the matter at issue has been completed* to confirm what issues remain in dispute and what issues do not. This preparation is well within the capabilities of all practitioners, both experienced and novice.

I believe that a civil trial is a search for the truth with regard to disputed facts, and for application of the law to all of the facts stipulated and resolved. It is not a morality play nor intended for emotional catharsis. I also believe that your client is entitled to a clear understanding of the trial process in order to have reasonable expectations of it, particularly compared to the alternative of settlement.

As a consequence, I conduct the Final Pretrial Conference with these objectives in mind. Your clients <u>must</u> be present. The Final Pretrial Order will require specification of the elements of all claims and defenses, what facts pertain to each element and whether they are in dispute. At the Final Pretrial Conference, please be prepared to narrow the issues and the evidence required. You should stipulate to undisputed facts (please see Fed.R.Civ.P. 11 (b)(3)) and limit your presentation to admissible, non-redundant evidence pertaining to disputed facts.

Trials will not exceed the time specified in the original setting order. Most often we use a chess clock, dividing trial time equally between/among the parties. You can expect that hearings in other cases may be set at 8:00 a.m. and 4:30 - 5:00 p.m. on trial days. The calendar on the website

will advise you of what is scheduled.

      Feedback is important. My practice standards and procedures borrow from what I believe to be the best practices of judges and practitioners to satisfy the objectives of Rule 1. Sometimes, however, these practice standards or procedures are not well-suited to realizing the objectives of Rule 1 in a particular case. Please feel free to request a deviation, if necessary.

      In addition, because we are the legal system, your contributions and constructive critique are valued. Perhaps you know of other or better practices that can be used to help meet Rule 1 objectives. My civil practice standards were last revised in 2007 based upon comments in response to an anonymous survey by the Faculty of Federal Advocates of more than 650 attorneys, as well as suggestions made at the Bench/Bar Roundtable sessions hosted by the Faculty of Federal Advocates each year. I welcome your input and look forward to working with you in resolution of this controversy.

      Very truly yours,

      *Marcia S. Krieger*