IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 09-CV-02057 MSK-MEH

DEANNA DOUGHERTY,

        Plaintiff,

v.

TYLER TECHNOLOGIES, INC.

        Defendant.

_____

**DEFENDANT TYLER TECHNOLOGIES, INC.'S ANSWER**

_____

COME NOW, Defendant Tyler Technologies, Inc. ("Defendant" or "Tyler") submits this Answer to Plaintiff's Amended Complaint and Jury Demand ("Plaintiff's Amended Complaint"), and would respectfully show the Court as follows:

**ANSWER**

Defendant responds to the allegations contained in Plaintiff's Amended Complaint by correspondingly numbered paragraphs as follows:

**A.    INTRODUCTION**

Tyler admits that Plaintiff seeks relief under the theories articulated in the introductory paragraph of Plaintiff's Complaint but denies the remaining allegations in that paragraph.

**B.    PARTIES**

1.    Tyler is without information sufficient to admit or deny the allegations in the first numbered paragraph of Plaintiff's Amended Complaint.

2.    Tyler admits the allegations in paragraph 2 of Plaintiff's Amended Complaint.

3.      Tyler admits that this court has jurisdiction over this matter.

C.      JURISDICTION AND VENUE

4.      Tyler admits that jurisdiction in the state of Colorado is proper in this matter.

5.      Tyler admits that the court has subject jurisdiction in this matter.

6.      Tyler admits that venue is proper.

D.      GENERAL ALLEGATIONS

7.      Tyler admits Plaintiff seeks relief under the statutes cited, but denies that Plaintiff is entitled to relief under those statutes.

8.      Tyler admits the allegations in paragraph 8 of Plaintiff's Amended Complaint.

9.      Tyler does not have information sufficient to admit or deny the allegations in paragraph 9 of Plaintiff's Amended Complaint.

10.     Tyler does not have information sufficient to admit or deny the allegations in paragraph 10 of Plaintiff's Amended Complaint.

11.     Tyler admits the allegations in paragraph 11 of Plaintiff's Amended Complaint.

12.     Tyler admits the allegations in paragraph 12 of Plaintiff's Amended Complaint.

13.     Tyler denies the allegations in paragraph 13 of Plaintiff's Amended Complaint. Tyler admits that, while Plaintiff was employed at its Eagle, Colorado division, Plaintiff was one of four employees who performed Network Administrator functions.

14.     Tyler denies the allegations in paragraph 14 of Plaintiff's Amended Compliant. Tyler admits that, while Plaintiff was employed at its Eagle, Colorado division, Plaintiff was the only female who performed Network Administrator functions.

15.     Tyler admits that Plaintiff received one generally favorable performance evaluation, but denies the remaining allegations in paragraph 15 of Plaintiff's Amended Complaint.

16.     Tyler denies the allegations in paragraph 16 of Plaintiff's Amended Complaint.

17.     Tyler is without sufficient information to admit or deny the allegations in paragraph 17 of Plaintiff's Amended Complaint.

18.     Tyler denies that Plaintiff is disabled under the Americans with Disabilities Act (the "ADA") and is without information sufficient to admit or deny the remaining allegations in the first sentence of paragraph 18 of Plaintiff's Amended Complaint.  Tyler denies the allegations in the second sentence of paragraph 18 of Plaintiff's Amended Complaint.  Tyler admits the allegations in the final sentence of paragraph 18 of Plaintiff's Amended Complaint.

19.     Tyler is without information sufficient to admit or deny the allegations in paragraph 19 of Plaintiff's Amended Complaint.

20.     Tyler is without information sufficient to admit or deny the allegations in paragraph 20 of Plaintiff's Amended Complaint.

21.     Tyler denies Plaintiff is disabled under the ADA.

22.     Tyler denies Plaintiff is disabled under the ADA.

23.     Tyler admits that Plaintiff's managers modified Plaintiff's job duties to ensure that she not lift objects weighing more than 15 pounds and allowed Plaintiff to walk and use the restroom when necessary.  Tyler denies the remaining allegations in paragraph 23 of Plaintiff's Amended Complaint.

24.     Tyler admits that it allowed Plaintiff to perform her job without traveling.  Tyler denies the remaining allegations in paragraph 24 of Plaintiff's Amended Complaint.

25.    Tyler denies the allegations in paragraph 25 of Plaintiff's Amended Complaint.

26.    Tyler admits the allegations in paragraph 26 of Plaintiff's Amended Compliant.

27.    Tyler is without information sufficient to admit or deny the allegations in paragraph 27 of Plaintiff's Amended Complaint.

28.    Tyler denies the allegations in paragraph 28 of Plaintiff's Amended Complaint.

29.    Tyler is without information sufficient to admit or deny the allegations in paragraph 29 of Plaintiff's Amended Complaint.

30.    Tyler is without information sufficient to admit or deny the allegations in paragraph 30 of Plaintiff's Amended Complaint.

31.    Tyler denies the allegations in paragraph 31 of Plaintiff's Amended Complaint.

32.    Tyler denies the allegations in paragraph 32 of Plaintiff's Amended Complaint.

33.    Tyler denies the allegations in paragraph 33 of Plaintiff's Amended Complaint.

34.    Tyler admits that Plaintiff provided it with a doctor's note concerning her work restrictions on or about November 13, 2008.

35.    Tyler denies the allegations in paragraph 35 of Plaintiff's Amended Complaint.

36.    Tyler admits it modified Plaintiff's job duties at her request, but denies the remaining allegations in paragraph 36 of Plaintiff's Amended Complaint.

37.    Tyler denies the allegations in paragraph 37 of Plaintiff's Amended Complaint.

38.    Tyler denies the allegations in paragraph 38 of Plaintiff's Amended Complaint.

39.    Tyler admits that Plaintiff's supervisor may have on occasion asked her to perform administrative tasks such as sending facsimiles for him.  Tyler denies the remaining allegations in paragraph 39 of Plaintiff's Amended Complaint.

40.    Tyler denies the allegations in paragraph 40 of Plaintiff's Amended Complaint.

41.     Tyler denies the allegations in paragraph 41 of Plaintiff's Amended Complaint.

42.     Tyler denies the allegations in paragraph 42 of Plaintiff's Amended Complaint.

43.     Tyler denies the allegations in paragraph 43 of Plaintiff's Amended Complaint.

44.     Tyler admits that Plaintiff contacted Steve Neiman at some point to complain about her supervisor, but denies the remaining allegations in paragraph 44 of Plaintiff's Amended Complaint.

45.     Tyler denies the allegations in paragraph 45 of Plaintiff's Amended Complaint.

46.     Tyler admits that Plaintiff had conversations with Teresa Friel during her employment with Tyler, but is without sufficient information to admit or deny the remaining allegations in paragraph 46 of Plaintiff's Amended Complaint.

47.     Tyler denies the allegations in paragraph 47 of Plaintiff's Amended Complaint.

48.     Tyler admits that Plaintiff requested a transfer and an at-home work assignment at some point during her employment.  Tyler denies the remaining allegations in paragraph 48 of Plaintiff's Amended Complaint.

49.     Tyler denies the allegations in paragraph 49 of Plaintiff's Amended Complaint.

50.     Tyler admits the allegations in paragraph 50 of Plaintiff's Amended Complaint.

51.     Tyler denies the allegations in paragraph 51 of Plaintiff's Amended Complaint.

52.     Tyler admits that Plaintiff's supervisor, on occasion, counseled her for leaving her desk, but denies the remaining allegations in paragraph 52 of Plaintiff's Amended Complaint.

53.     Tyler admits that Plaintiff complained about her supervisor to Tyler's human resources personnel, but denies the remaining allegations in paragraph 53 of Plaintiff's Amended Complaint.

54.     Tyler denies the allegations in paragraph 54 of Plaintiff's Amended Complaint.

55.     Tyler denies the allegations in paragraph 55 of Plaintiff's Amended Complaint.

56.     Tyler admits that Plaintiff became emotional during her meetings with Ms. Friel, but denies the remaining allegations in paragraph 56 of Plaintiff's Amended Complaint.

57.     Tyler admits that Plaintiff may have been asked to attend a meeting with human resources personnel and her supervisor on or about November 14, 2007.

58.     Tyler denies the allegations in paragraph 58 of Plaintiff's Amended Complaint.

59.     Tyler admits that Plaintiff received disciplinary counseling forms at the meeting between her, her supervisor and Tyler's human resources personnel, but denies the remaining allegations in paragraph 59 of Plaintiff's Amended Complaint.

60.     Tyler denies the allegations in paragraph 60 of Plaintiff's Amended Complaint.

61.     Tyler admits that Plaintiff refused to sign the written counseling forms provided to her, but denies the remaining allegations in paragraph 61 of Plaintiff's Amended Complaint.

62.     Tyler denies the allegations in paragraph 62 of Plaintiff's Amended Complaint.

63.     Tyler denies the allegations in paragraph 63 of Plaintiff's Amended Complaint.

64.     Tyler denies the allegations in paragraph 64 of Plaintiff's Amended Complaint.

65.     Tyler admits that Plaintiff resigned her employment on or about November 16, 2007, but denies the remaining allegations in paragraph 65 of Plaintiff's Amended Complaint.

E.      **FIRST CLAIM FOR RELIEF**

66.     Tyler admits that Plaintiff seeks to incorporate her previous allegations in paragraph 66 of Plaintiff's Amended Complaint.  Tyler likewise incorporates its previous responses.

67.     Tyler denies the allegations in paragraph 67 of Plaintiff's Amended Complaint.

68.     Tyler denies the allegations in paragraph 68 of Plaintiff's Amended Complaint.

69.     Tyler denies the allegations in paragraph 69 of Plaintiff's Amended Complaint.

70.     Tyler denies the allegations in paragraph 70 of Plaintiff's Amended Complaint.

71.     Tyler admits that Plaintiff generally was able to perform her job, but denies the remaining allegations in paragraph 71 of Plaintiff's Amended Complaint...

72.     Tyler denies the allegations in paragraph 72 of Plaintiff's Amended Complaint.

73.     Tyler denies the allegations in paragraph 73 of Plaintiff's Amended Complaint.

74.     Tyler denies the allegations in paragraph 74 of Plaintiff's Amended Complaint.

75.     Tyler denies the allegations in paragraph 75 of Plaintiff's Amended Complaint.

76.     Tyler denies the allegations in paragraph 76 of Plaintiff's Amended Complaint.

F.     SECOND CLAIM FOR RELIEF

77.     Tyler admits that Plaintiff seeks to incorporate her previous allegations in paragraph 77 of Plaintiff's Amended Complaint.   Tyler likewise incorporates its previous responses.

78.     Tyler denies the allegations in paragraph 78 of Plaintiff's Amended Complaint.

79.     Tyler denies the allegations in paragraph 79 of Plaintiff's Amended Complaint.

80.     Tyler denies the allegations in paragraph 80 of Plaintiff's Amended Complaint.

81.     Tyler denies the allegations in paragraph 81 of Plaintiff's Amended Complaint.

82.     Tyler denies the allegations in paragraph 82 of Plaintiff's Amended Complaint.

83.     Tyler denies the allegations in paragraph 83 of Plaintiff's Amended Complaint.

G.     FOURTH CLAIM FOR RELIEF

84.     Tyler admits that Plaintiff seeks to incorporate her previous allegations in paragraph 84 of Plaintiff's Amended Complaint.   Tyler likewise incorporates its previous responses.

85.     Tyler neither admits nor denies the allegations in paragraph 85 of Plaintiff's Amended Complaint because they articulate legal conclusions to which no response is required.

86.     Tyler denies the allegations in paragraph 86 of Plaintiff's Amended Complaint.

87.     Tyler denies the allegations in paragraph 87 of Plaintiff's Amended Complaint.

88.     Tyler denies the allegations in paragraph 88 of Plaintiff's Amended Complaint.

89.     Tyler denies the allegations in paragraph 89 of Plaintiff's Amended Complaint.

90.     Tyler denies the allegations in paragraph 90 of Plaintiff's Amended Complaint.

91.     Tyler denies the allegations in paragraph 91 of Plaintiff's Amended Complaint.

92.     Tyler denies the allegations in paragraph 92 of Plaintiff's Amended Complaint.

93.     Tyler denies the allegations in paragraph 93 of Plaintiff's Amended Complaint.

94.     Tyler denies the allegations in paragraph 94 of Plaintiff's Amended Complaint.

**H.      FIFTH CLAIM FOR RELIEF**

95.     Tyler admits that Plaintiff seeks to incorporate her previous allegations in paragraph 95 of Plaintiff's Amended Complaint.   Tyler likewise incorporates its previous responses.

96.     Tyler denies the allegations in paragraph 96 of Plaintiff's Amended Complaint.

97.     Tyler denies the allegations in paragraph 97 of Plaintiff's Amended Complaint.

98.     Tyler denies the allegations in paragraph 98 of Plaintiff's Amended Complaint.

99.     Tyler denies the allegations in paragraph 99 of Plaintiff's Amended Complaint.

100.    Tyler denies the allegations in paragraph 100 of Plaintiff's Amended Complaint.

101.    Tyler denies the allegations in paragraph 101 of Plaintiff's Amended Complaint.

102.    Tyler denies Plaintiff is entitled to any of the relief she requests, including in her Prayer for Relief.  Any allegations not specifically admitted, explained, modified or denied above are expressly denied.

## DEFENSES

1.    Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Tyler states that it took reasonable and good faith steps to ascertain and comply with the requirements of the statutes and laws identified in Plaintiff's Amended Complaint, and any acts in violation of statute were *ultra vires* acts in contravention of Tyler's good faith efforts to comply with the statutes and laws identified in Plaintiff's Amended Complaint.

2.    Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Plaintiff must mitigate any and all alleged damages, and Tyler is entitled to an offset for any amount that was or could have been earned by Plaintiff.

3.    Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Tyler states that all employment actions taken by it were based on legitimate, non-discriminatory business reasons unconnected and unrelated to Plaintiff's alleged disability, gender or any other protected category or conduct.

4.    Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Tyler pleads in the alternative that the employment actions taken regarding Plaintiff would have been taken regardless of Plaintiff's alleged disability, gender, or any other protected category or conduct.

-9-

5.      Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Tyler asserts, in the alternative if necessary, that Plaintiff suffered no adverse employment action related in any way to Plaintiff's alleged disability, gender or any other protected category or conduct.

6.      Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Tyler asserts that Plaintiff is not disabled as defined by the ADA.

7.      Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Tyler asserts that Plaintiff has failed to exhaust her administrative remedies related to her claims for gender and disability discrimination as well as any other claim(s) unrelated to those asserted in her charge of discrimination filed with the Equal Employment Opportunity Commission.

8.      Subject to and without waiving any prior objections, answers or defenses, and without accepting any burden of proof on the matter, Tyler asserts that it undertook good faith efforts to prevent and remedy any alleged harassment or discrimination, and that Plaintiff unreasonably failed to avail herself of Tyler's internal procedures for remedying any such purported employment action.

WHEREFORE, Defendant Tyler Technologies, Inc. prays that Plaintiff take nothing by way of this suit, that Tyler recover its costs and fees incurred herein and that the Court provide Tyler all other and further relief, legal and equitable, to which Tyler may be entitled.

Dated this 7th day of December, 2009.

Respectfully submitted:

By:  s/  *Tarek F.M. Saad*
      Tarek F.M. Saad
      Jin, Schauer & Saad LLC
      600 17th Street, Suite 2700 South Tower
      Denver, Colorado  80202
      Telephone:  720.889.2211
      Fax:  720.889.2222
      tsaad@jinslaw.com

and

      Paulo B. McKeeby
        (***Pro Hac Vice* Application Pending**)
      Texas Bar No. 00784571
      John Bosco
        (***Pro Hac Vice* Application Pending**)
      Texas Bar No. 24045533 MORGAN
      LEWIS & BOCKIUS LLP
      1717 Main Street, Suite 3200
      Dallas, TX  75201-7347
      Telephone:      214.466.4000
      Facsimile:      214.466.4001
      paulo.mckeeby@morganlewis.com
      john.bosco@morganlewis.com

      ATTORNEYS FOR DEFENDANT
      TYLER TECHNOLOGIES, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 7th day of December, 2009, a true and correct copy of the foregoing **DEFENDANT TYLER TECHNOLOGIES, INC.'S ANSWER** has been electronically filed with the court's *ECF* system and was served electronically via *ECF System* to the following:

> Rosemary Orsini
> Burg Simpson Eldredge Hersh & Jardine, PC
> 40 Inverness Drive East
> Englewood, CO  80112

<em>s/ Elizabeth J. Greenberg</em>